Dear Mr. Wainwright:
You have written this office and requested an opinion concerning whether an employee of the City of Pineville may also receive pay for serving on the Rapides Parish Police Jury? I understand that the employment with the city is full-time, was appointed by the Mayor, but is not established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision.
LSA R.S. 42:63(D) in part states that, "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office." The phrase "elective office" is defined as "any position which is established or authorized by the constitution or laws of this state or by the charter or ordinance of any political subdivision thereof — which is filled by vote of the citizens of this state or of a political subdivision thereof." LSA R.S. 42:62(1). Service on the Rapides Parish Police Jury, addressed in your letter, is within the above definition. The phrase "appointive office" is defined as meaning "any office in any branch of government — which is specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official — of a political subdivision -." LSA R.S. 42:62(2). The employment with the City of Pineville, addressed in your letter, which is appointed by the Mayor is not within the above definition as it is not established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision. The term "employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof. LSA R.S. 42:62(3). At issue would therefore appear to be an elective office in a political subdivision of this state and full-time employment in a political subdivision of this state. However, these types of positions are prohibited only if they are "in the same political subdivision." LSA R.S. 42:63(D). The City of Pineville and the Rapides Parish Police Jury are separate political subdivisions of the state.
Even though the employment and elective position discussed do not violate LSA R.S. 42:63(D), they may be proscribed by LSA R.S. 42:64 which deals with incompatible offices. The opinion request does not provide sufficient detail concerning the relationship of the two positions to address this issue. I am attaching a copy of the statute for your information. If, after reading the statute, you feel there might be a question of compatibility, please feel free to send additional facts and request a further opinion.
In sum, it would appear that the full-time elective position and the full-time employment position you described, both with different political subdivisions of this state, would not be prohibited by LSA R.S. 42:63(D).
I trust that this answers your inquiry.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES C. HRDLICKA Assistant Attorney General
RPI/JCH:vs-2286s